■ NORMAN BEHAGAN, Respondent, v L & L PAINTING CO., INC., Appellant. [858 NYS2d 97]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered March 23, 2007, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

A subcontractor may be held liable for injury to an employee of the general contractor under certain circumstances (see generally Walls v Turner Constr. Co., 4 NY3d 861 [2005]). There was ample evidence, in the form of plaintiff's deposition testimony and the L & L subcontract requirements, to raise an issue of fact whether defendant subcontractor had controlled, directed and supervised plaintiff's work in scraping steel as a "prep" to painting, and whether such work had been expressly delegated to defendant under the terms of the subcontract. The L & L subcontract required defendant to "clean" the steel, to provide all painting equipment and safety materials, and to be responsible for any liability arising from its obligations thereunder. Based on this and other evidence, the court properly found issues of fact as to defendant's liability for plaintiff's injury under Labor Law §§ 240 and 241.

There are also issues of fact as to whether defendant exercised

control over the injury-producing activity, such as would sustain plaintiff's claims under Labor Law § 200 and for common-law negligence. Plaintiff's deposition testimony and the terms of the subcontract indicate that defendant controlled the painting phase of the project, including the scraping and safety equipment requirements. Plaintiff, a painter by trade, testified that he received his work assignments from defendant, including his safety equipment, and that he was instructed by defendant to build a portion of the scaffold, which he was doing at the time he fell. The court properly concluded that plaintiff's testimony, based on personal knowledge, raised issues of fact as to defendant's control of the work, and that the factfinder should determine issues of credibility and the weight to be accorded such testimony. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.